SMITH V. FAIRCHILD ET AL.

Where a broker, employed to sell real estate within " a short time," found a purchaser to take at the price fixed by the vendor, the vendee paying down a small sum to bind the bargain, and no notice being given the broker of withdrawal or change of terms, *held,* that two weeks was reasonable time within which to find a purchaser, and that a rise in value was no defense against the broker, seeking to recover commissions.

*Appeal from County Court of Arapahoe County.*

Messrs. HARMON and ELLIS, for appellant.

Messrs. BENEDICT and PHELPS, for appellees.

STONE, J.   No legal question appears to be involved in this case; the judgment seems to be founded upon matters of fact, and the assignments of error raise simply

a question of the sufficiency of the evidence to support the judgment.

The appellees were ordinary real estate brokers, and as such were authorized by appellant to sell a certain number of town lots at a stipulated price, upon which a commission was to be paid by the appellant.

Appellees found a purchaser, who agreed to take the lots at the price fixed by appellant, and a small sum was paid down to appellees to bind the bargain. Upon applying to appellant for a deed to the lots, he refused to convey, saying that the lots had increased in value, and he had withdrawn them from market. Suit was brought by the appellees for the amount of their commission, and a finding and judgment had in their favor by the court below, for the sum of $100, from which judgment this appeal is taken.

Appellant did not dispute the employment of appellees, or that he authorized them to make a sale or find a purchaser at the price stated. Nor did he dispute the amount or reasonableness of the commission in case of sale.

The only ground upon which he refused to carry out the sale by making a conveyance was that the property had increased in value.

This was no valid defense, since he had himself put the price upon the lots at which he authorized them to be sold, and had not definitely limited the time within which they might be sold at such stipulated price.

In his own testimony appellant stated that he authorized them to be placed upon the market by appellees at the price named, " only for a short time." Admitting this to be true, the time was not limited to any definite period, and the purchaser in question was found within two weeks from the time appellees were authorized to sell the lots, which time may be regarded as very fairly coming within the definition of "a short time."

No notice of a change of terms or of a withdrawal of the property from sale was given to appellees previous to

their informing appellant that they had found a purchaser who had agreed to take the lots at the given price, and requested a deed therefor.

If, at that time, the offered price was inadequate, it was the fault of appellant and not of appellees.

We think the judgment is supported by the facts in evidence as disclosed by the record, and it will be accordingly affirmed.

*Affirmed.*