**VILLAREAL et al. v. PASSMORE.**

(Court of Civil Appeals of Texas. San Antonio. March 6, 1912. Rehearing Denied April 10, 1912.)

1. STIPULATIONS (§ 19*)—AGREED STATEMENT OF FACTS—USE—TRIAL.

Where certain facts were agreed in writing before a trial of the case and there was no claim of fraud, accident, or mistake, it was not limited to that trial, but was equally subject to use on a succeeding trial as against an objection by defendant that it had been entered into because plaintiff was then absent from the state, and that, he having returned, no further necessity existed for using it.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 55–63; Dec. Dig. § 19.*]

2. TRIAL (§ 251*)—ACTION FOR COMMISSIONS—WAIVER—TRIAL—ISSUES.

Where a broker's alleged waiver of his right to commissions was not pleaded, the court did not err in omitting to submit it to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

3. CONTINUANCE (§ 26*) — POSTPONEMENT — TIME TO PROCURE WITNESS—DISCRETION.

Where the importance of an issue on which it was desired to have plaintiff's testimony must have been known to defendant's counsel before announcing ready for trial, the court did not err in refusing to grant a postponement for a sufficient time to procure the witness; the granting of time under such circumstances being entirely a matter of discretion.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

4. BROKERS (§ 63*)—LIFE COMMISSIONS—NEW TERMS.

Where a broker procured a purchaser ready and willing to purchase on the owner's terms, the imposition of new conditions by the owner requiring a deposit of earnest money and 90 days postponement of possession, to which the purchaser would not agree, and which caused a failure of the sale would not deprive the broker of his right to commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. § 63.*]

5. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS —BRIEF.

Assignments of error relating to different subjects should not be briefed together.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action by George Passmore against F. De J. Villareal and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Samuel G. Hamblen and Selig Deutschman, both of San Antonio, for appellants. Scott & Dodson, of San Antonio, for appellee.

JAMES, C. J. The petition of Passmore alleged that he was a real estate agent; that defendants on or about August 1, 1908, employed him to sell certain property for $9,000, $6,000 to be paid in cash, and the balance in the assumption by the purchaser of a $3,000 mortgage then upon the property, agreeing to pay him 3 per cent. commission; that on or about October 20, 1908, plaintiff found a purchaser, C. B. Mullaly, who was able, ready, and willing to buy the property

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

on said terms; that plaintiff tendered said purchaser to defendants, whereupon, without reason, they refused to consummate the sale, and plaintiff prayed for judgment for said commission, with interest from the date it accrued.

Defendants pleaded a general demurrer and a general denial, and answered, further, that no contract was entered into with plaintiff except that defendant F. DeJ. Villareal told plaintiff that, if he would find a buyer for $9,000, he would receive 3 per cent. commission, but that defendant should have sufficient time to remove his family to Mexico; that later, about August 15th, plaintiff informed defendant by letter that he had such purchaser who wanted immediate possession; that defendant then notified plaintiff that, if the buyer would deposit $1,000 in bank as earnest money, he, defendant, would come from Mexico and close the trade, but nothing further was heard from this until in September, 1908, when defendant returned from Mexico, and was approached by J. H. Ragsdale, representing plaintiff, who claimed a commission by reason of finding said purchaser, and after various negotiations with the said Ragsdale, representing Mr. Passmore, defendants about September 15th entered into a written contract with Ragsdale, agreeing to pay 6 per cent. commission for the sale of said property, and the said property was sold to Chas. Opperman, and the commission divided between Ragsdale and Passmore; and that said sale of the same property and payment of commission were part of the same transaction set up by plaintiff, etc. Plaintiff replied with various demurrers to the answer, which do not appear to have been acted upon, and a denial of its allegations. The court directed a verdict for the plaintiff, and judgment was entered accordingly.

It appears that on October 11, 1910, an agreement of counsel was filed wherein certain facts were admitted to be true, and to be admitted in evidence as uncontroverted facts upon the trial of the cause. The facts so admitted were that in August, 1908, plaintiff made an oral contract with defendant, F. De J. Villareal, whereby the latter agreed that if plaintiff would find a purchaser for the property for $9,000, $6,000 cash and the balance in the assumption by the purchaser of the $3,000 mortgage on the property, he would pay plaintiff as a commission 3 per cent. on said sum of $9,000; that about October 20th plaintiff found a purchaser for the property in the person of C. B. Mullaly, who was ready, able, and willing to purchase it on said terms, and tendered such purchaser to said defendant, whereupon said defendant replied that he would consummate the sale to such purchaser, provided he would deposit $1,000 in the Frost National Bank at San Antonio, Tex., and would give Villareal 90 days in which to surrender possession of the property; that these terms were not satisfactory to Mullaly, and, he refusing to

agree thereto, the sale was not effected, and that there was no agreement between Villareal and Passmore as to when Villareal would surrender possession in the event Passmore found a purchaser for the property.

Defendants made a motion to strike out the above agreement upon the grounds that it was not entered into with a view of being used at any other trial than the one prior to the recent trial, at which prior trial plaintiff Passmore was absent from the state, and the testimony agreed to was to be used solely because he was absent; that, while the writing states that the testimony was uncontroverted, counsel for defendant did not know this was in it when he signed it; that the agreement was used on the prior trial in the absence of plaintiff, and other testimony was introduced in connection therewith, and the jury returned a verdict for the defendant; that under no circumstances would defendants' counsel have agreed to a statement that practically put his client out of court, and that no necessity existed for the use of said statement, because the plaintiff is now in the city, and can easily be had.

[1] The motion was overruled by the court. Notwithstanding the motion did not present any equitable ground of fraud, accident, or mistake for setting aside the agreement, the record contains the testimony of the respective counsel in reference to the grounds of the motion, and the testimony amply supports the court's ruling. The agreement was absolute in its terms, and clearly for all purposes relating to the trial of the cause. We therefore overrule the first assignment.

[2] Under the third, tenth, fifth, and sixth assignments of error, as they are briefed, it is contended that an issue of waiver on the part of Passmore should have been submitted to the jury. There was no waiver pleaded. Consequently the court did not err in not submitting it. The issue that was pleaded by defendant was that the sale to Opperman through Ragsdale was part of the same transaction as that sued on by plaintiff, and that the payment of the commission on that sale discharged the commission sued for. The evidence on this issue was only that of Ragsdale, which was clearly to the effect that it was not the same transaction, hence there was no error in not submitting that issue.

[3] The sixteenth assignment complains of the refusal of the court to allow defendants' counsel until 2 o'clock on the day of trial to procure the attendance of Passmore as a witness, in order to show by him that he asked Ragsdale to procure a contract from Villareal; that Ragsdale did procure a contract in writing from Villareal, promising to pay 6 per cent. commission for a sale of the property, and that said property was sold to Opperman; and that the commission of 6 per cent. was divided between Ragsdale and Passmore, and that Ragsdale had been Passmore's attorney representing him in his

claim against Villareal, for the reason that defendants' counsel had no idea that the plaintiff was not in court until after announcing ready the evening before, and, as soon as he discovered this, he had caused a subpœna to be issued, which was returned next morning, and he then caused another to be issued, giving a dollar to the deputy, which subpœna could not be served because the court told the deputy to be back in 10 minutes.

The second assignment is that the court erred in not permitting defendant to withdraw his announcement of ready for surprise, because defendant had not known that the agreement on file could be used in this suit, and that defendants' counsel stated he was announcing ready with the understanding that plaintiff would be present.

The ninth is that the court erred in refusing to give defendant sufficient time to have Passmore subpœnaed and brought into court because his testimony became material to the defendant.

These assignments are briefed together, and, although we doubt the propriety of considering them under the rules, we will state that they are not well taken. Defendants' counsel had no valid reason for believing that the agreement could not be used on this trial. There is nothing in the record in the way of certification by the court that the announcement was made conditionally on Passmore being or remaining in attendance. The importance of the issue upon which it was desired to have Passmore's testimony must have been known to counsel, and proper and sufficient steps should have been taken to secure it, before announcing ready. Under the circumstances, the granting of time to get this witness was entirely a matter of discretion with the court.

[3] The propositions under the seventh, eleventh, and twelfth assignments are that, where a contract does not state a time for performance, the law allows a reasonable time, which depends on the circumstances of the case and the difficulties attending its performance, and this is a question of fact for the jury, and the further proposition that an agreement is presumed to be made subject to the usage and customs relating thereto.

While these propositions are correct, substantially they have no proper application here. The purchaser, Mullaly, was conclusively shown to have been ready, willing, and able to buy, which established that he was ready to make the cash payment and assume the mortgage on the property, subject to such delay as is reasonably and ordinarily incident to the performance of such matters.

[4] The imposition by the vendor of new conditions such as the deposit of earnest money and 90 days postponement of possession, matters not provided for in the contract of employment and which defeated the sale to Mullaly, could not deprive the agent of his right to compensation. There was no error committed in this connection in excluding certain testimony of the witness Davis, particularly in view of what appears in the judge's qualification to the bill of exceptions. There was no error in not submitting to the jury the question of Mr. Mullaly's ability, readiness, and willingness to buy, for that was an admitted fact.

[5] The eighth, thirteenth, fourteenth, and fourth assignments are overruled. They are briefed together, and relate to different subjects which is not in accordance with the rules. It, however, appears that the testimony referred to in these assignments as excluded was in fact and in substance admitted.

The judgment is affirmed.