JAMES N. CROUCH, Appellant, v. ERNEST G. BRUCKMAN, Respondent.

St. Louis Court of Appeals, November 12, 1912.

REAL ESTATE BROKERS: Commissions for Making Loan, When Earned. Where a broker was employed to procure a loan, to be secured by a deed of trust on real estate, executed in either one of three ways, in accordance with the preference of the lender, and he procured a lender who was ready, willing and able to make a loan if a deed of trust was executed in accordance with one of the stipulated methods, he was entitled to his commissions although the owner refused to accept the loan unless the deed was executed in accordance with another of such methods.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED AND REMANDED.

*Buder. & Buder* for appellant.

(1) The court should not give instructions which assume the truth of controverted facts in issue. McQuillin, Pleading & Practice, sec. 777; Glaser v. Rothchild, 221 Mo. 180; Cassady v. Carraher, 119 Iowa, 500; Swigart v. Hawley, 140 Ill. 186; Peck v .Ritchey, 66 Mo. 114; Rice v. McFarland, 41 Mo. App. 489; Williamson v. Railroad, 139 Mo. App. 481. (2) The court erred in refusing to give appellant's instruction, submitting the law as to the "procuring cause" to the jury. Morgan v. Keller, 194 Mo. 663; Gelatt v. Ridge, 117 Mo. 553; Bell v. Kaiser, 50 Mo. 150; Tyler v. Parr, 52 Mo. 249; Real Estate Co. v. Real Estate Co., 144 Mo. App. 620; Bassford v. West, 124 Mo. App. 248; Sallee v. McMurry, 113 Mo. App. 253; McCormack v. Henderson, 100 Mo. App. 647; Lipscomb v. Cole, 81 Mo. App. 53; Sublette v. Lowe, 152 Mo. App. 186.

*McDonald & Taylor, Jacob Chasnoff* and *Lynn N. Secord* for respondent.

(1)   Neither the giving of the instruction nor the refusal to give it in its original form affords ground for a new trial.   (a)   The instruction, as given, does not assume the truth of any controverted fact material to the issues.   (b)   There is no error in a refusal to charge on an immaterial issue.   Cotner v. Railroad, 220 Mo. 284.   (c)   Even if the instruction, as given, assumes a material fact, the error is cured by another instruction which permitted the jury to return a verdict for the plaintiff upon a finding of the alleged controverted fact in his favor.   An improper assumption of fact in an instruction will not operate to reverse when it is apparent that the party complaining was not injured thereby.   R. S. 1909, sec. 2082, and cases cited. It is not error to refuse requested instructions where the request is covered by other instructions given. Diel v. City of Ferguson, 158 Mo. App. 286; Ellis v. Street Railway, 234 Mo. 657.   (2)   Instructions must be read together and, if when so read they properly present the issues, they are not subject to exception, although  some  particular  instruction  or  portion thereof standing alone may be erroneous.   Bank v. Hatch, 98 Mo. 376; Flaherty v. Transit Co., 207 Mo. 318; Chambers v. Chester, 172 Mo. 461; Evers v. Ferry Co., 127 Mo. App. 236. (3) Appellant cannot complain of an instruction in harmony with one requested by himself. Ellis v. Street Railway, 239 Mo. 657; Kinlen v. Railroad, 216 Mo. 145; Herman v. Owen, 42 Mo. App. 387; Thorpe v. Railroad, 89 Mo. 659.

NORTONI, J.—This is a suit for commission alleged to have accrued on account of services rendered in negotiating a loan of $80,000. The finding and judgment were for the defendant, and plaintiff prosecutes the appeal.

Plaintiff is a real estate and loan agent in the city of St. Louis, and defendant desired a loan on certain real property owned by him and numbered 515 Locust street in the same city. It appears that there was a loan of $100,000 secured by a deed of trust on defendant's property and that he desired to negotiate another for the purpose of liquidating that indebtedness. Defendant employed plaintiff to negotiate a loan of $100,000 on the property at five per cent for three years, and agreed to pay him one per cent on the amount of the loan as a commission for securing it. Plaintiff put forth efforts to that end but was unable to secure a loan for more than $80,000. Finally, the original agreement was modified between the parties so as to contemplate a loan of $80,000 instead of $100,000.

There is no controversy in the evidence touching the fact that defendant finally authorized plaintiff to procure a loan of $80,000 for three years at five per cent interest on the property and agreed to pay him one per cent on this amount for effecting it. Defendant resided in the state of New York, and after preliminary negotiations on his own behalf, committed the whole matter to his brother-in-law, Mr. Orville Groves, of St. Louis, for consummation.

According to the evidence of plaintiff, it was agreed between him and defendant that the loan should be consummated in any one of three ways which was most satisfactory to the lender. It was agreed, first, that the old, or prior, deed of trust on the property could be taken up, assigned and transferred to the lender; or, second, that the defendant and his wife would execute a deed conveying the property to his brother-in-law, Orville Groves, in St. Louis and that thereupon Mr. Groves should execute a deed of trust upon the property directly to the lender; or, third, that the defendant and his wife would execute a deed of

167 Mo. App. 44.

trust on the property for the amount loaned directly to the lender—in either event, a certificate of good title to be furnished by defendant with the loan.

The evidence is well-nigh conclusive that plaintiff procured a party ready, able and willing to make the loan of $80,000 for three years at five per cent interest upon a deed of trust executed directly by defendant and his wife, accompanied by the certificate of title stipulated for. Indeed, Mr. Samuel C. Davis agreed to make the loan upon these terms, and the proposition was submitted to defendant's brother-in-law, Orville Groves, in due time to that effect. Mr. Groves offered to take the money and himself execute a deed of trust payable to Mr. Davis on the property and exhibited a deed from defendant and his wife conveying the property to him for that purpose. It appears Mr. Davis declined to make the loan in this manner because he was without sufficient assurance that the deed from defendant to Mr. Groves was in every respect valid, and insisted upon a deed of trust directly from the real owner of the property, defendant and his wife, instead. Because of this, Mr. Groves, defendant's agent, acting for him, rejected the proffered loan, declined further negotiations touching the matter and procured the money through another agent.

Throughout the instructions, the court omitted to reckon with the fact that plaintiff's contract contemplated that the loan might finally be consummated in either one of the three ways above mentioned: First, through taking up of the old, or prior, deed of trust and its assignment to the lender; or, second, through the execution of a new deed of trust by Mr. Groves; or third, through the execution of a new deed of trust by defendant and his wife directly to the lender—for it submitted the matter to the jury as though the offer of Groves, defendant's brother-in-law, to execute a deed of trust in his own name was a full compliance on the part of defendant. This was error, for the evidence

reveals that the lender had a right to demand that the security should be made in any one of the three ways above mentioned and that plaintiff's obligation was fully discharged upon procuring a loan to be consummated in either one of the three ways stipulated.

Among others, plaintiff requested the following instruction, as originally drafted without the words in parentheses:

"The court instructs the jury that by the writings offered in evidence, which are admitted to be true and to have passed between the parties, the defendant employed the plaintiff to negotiate for a loan of $100,000 on the property located at 515 Locust street, in the city of St. Louis, Missouri, and to pay him $1000 commission, providing the defendant had not arranged for said money prior to hearing from the plaintiff, and that thereafter said defendant directed plaintiff to consult one Orville Groves, to whom he had referred the entire matter, and that thereafter the said defendant Bruckman authorized and directed the said Groves to accept a loan of $80,000 for three years at five per cent; and the court further instructs the jury that if you find and believe from the evidence that plaintiff Crouch did, on the 9th day of December, 1908, pursuant to said authority and the direction of said Groves (and on the terms mentioned by said Groves) find a person ready, willing and able to loan $80,000 (on the terms agreed to by Groves) for three years at five per cent on said property, 515 Locust street, and so notified defendant prior to defendant's arranging for the same elsewhere, then your verdict will be for the plaintiff, and against the defendant for the sum of $800 (unless under other instructions given you, you find the facts to be that plaintiff was requested and employed to procure a loan for defendant upon a deed of trust to be executed by Orville Groves.)"

The court refused the instruction as requested and inserted the words which appear in parentheses

therein.   The insertion of these words limited plaintiff's right of recovery to the terms of a contract imposed by Groves without regard to the terms of the original contract made between plaintiff and defendant, which contemplated the loan could be made in any one of three ways in accordance with the preference of the lender.   The modification of this instruction through inserting the words in parentheses was highly prejudicial, in view of the evidence that defendant agreed that he and his wife should execute a deed of trust directly to the lender in event the lender preferred it, for Mr. Davis was ever willing to make the loan on such security and declined it for no other reason than that Groves insisted it should be made upon a deed of trust executed by him, to whom defendant and his wife had conveyed the property for the mere purpose of the transaction.

In view of the error thus pointed out, the judgment should be reversed and the cause remanded.   It is so ordered.   *Reynolds, P. J.,* and *Caulfield, J.,* concur.