MERTON H. WHEELOCK *vs.* HENRY I. BORNSTEIN.

Suffolk. March 28, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Agency,* Broker's commission. *Contract,* Performance and breach.

If a real estate broker, who was employed to procure a tenant for certain premises, procured a tenant ready and willing to take a lease of the premises on the terms fixed by his principal and the tenant was accepted by the principal, the broker has earned his commission, and his right to recover it cannot be affected by a condition as to the time within which the lease should be executed, which the principal attempted to impose after his acceptance of the tenant, especially where it appears that the condition as to the time of execution was insisted on by the principal, not in good faith, but for the purpose of evading his obligation to give a lease.

MORTON, J. This is an action to recover a commission for procuring a tenant for the remainder of the term specified in the

major lease under which the defendant held the premises for which the plaintiff alleged he was employed to find a tenant. The case was tried by a judge of the Superior Court* without a jury. The judge found for the plaintiff in the full amount claimed, and the case is here on exceptions by the defendant to the refusal of the judge to make certain rulings that were requested.

The judge found as facts that "the plaintiff was engaged to procure a tenant . . .; that the plaintiff, acting solely in behalf of the defendant, secured" tenants "who were ready and willing to take a lease of the premises at the price and upon the terms fixed by the defendant, and who were accepted by him." Many of the requests were refused because in the opinion of the judge, and we think rightly, they were rendered "immaterial and inapplicable by reason of the facts found."

The defendant, though waiving none of the rulings requested, concedes that there "was conflicting evidence upon which the judge might find as a fact the employment of the plaintiff as a broker, and that the names submitted to the defendant, as prospective tenants, were accepted by him." But the defendant contends that the evidence did not warrant the finding that the tenants secured by the plaintiff were ready and willing to take a lease of the premises at the price and upon the terms fixed by the defendant. He bases this contention on the ground that the lease was not executed by the tenants whom the plaintiff had secured until after the time which the defendant had fixed for its execution, and that therefore they were not ready and willing, as they were bound to be, in order to entitle the plaintiff to a commission. There is no merit in the contention. The plaintiff was employed, as the judge found, to procure a tenant, and there was evidence warranting a finding that it was not till after the plaintiff had procured tenants who were accepted by the defendant that the defendant attempted to impose a restriction as to the time within which the lease should be executed. The plaintiff became entitled to his commission upon procuring tenants who were ready and willing to take a lease on the terms fixed by the defendant and who were accepted by the defendant. *Cohen* v. *Ames*, 205 Mass. 186, and cases cited. It was not necessary

---

*Quinn, J.*

in order to entitle the plaintiff to his commission that the lease should be executed by the tenants procured by the plaintiff (*Fitzpatrick* v. *Gilson*, 176 Mass. 477), and plainly the refusal of the defendant to execute the lease would not constitute a defense. Moreover there was evidence warranting a finding that the fixing of a time by the defendant within which the lease should be executed was not in good faith, and for aught that appears the judge may have so found. Pending the execution of the lease by the tenants procured by the plaintiff, another broker procured a tenant at a rental materially greater than that which the tenants procured by the plaintiff were to pay, thus presenting a strong and, as the judge may have found, a controlling inducement to the defendant to terminate the arrangement, if it could in any way be done, which had been entered into with the tenants procured by the plaintiff.

We see no error in regard to the refusal of the rulings requested by the defendant.

*Exceptions overruled.*

*J. H. Blanchard,* (*H. C. Blanchard* with him,) for the defendant.
*N. N. Jones,* for the plaintiff.