(80 South. 406)

### MORRIS v. CLARK. (7 Div. 970.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. BROKERS ☞54 — EMPLOYMENT TO FIND PURCHASER—RIGHT TO COMMISSIONS.

When broker is employed to find purchaser for principal's property on specified terms, he is entitled to commission when he produces to his principal, notifying him, a person able and willing to buy on such terms.

2. BROKERS ☞82(1) — ACTION FOR COMMISSION—PLEADING.

In action for commission by broker employed to find purchaser for property, complaint which does not allege consummation of sale must allege notification of principal that purchaser was found.

3. BROKERS ☞46 — EMPLOYMENT TO FIND PURCHASER—RIGHT TO COMMISSION.

Broker's employment to find purchaser for his principal's property does not, in absence of stipulation, render principal liable for commissions to broker in case of sale by principal to any customer not procured by broker, provided principal's sale was consummated before performance by broker.

4. APPEAL AND ERROR ☞1040(16)—HARMLESS ERROR—PLEADING.

Error in sustaining demurrers to counts of complaint as first amended was harmless to plaintiff, where counts were afterwards amended again by addition of matter which did not change causes of action declared on, and placed no additional burden of proof on plaintiff.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Action by J. W. Morris against J. J. Clark. From judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Riddle & Riddle, of Talladega, for appellant.

Cornelius & Lackey, of Ashland, for appellee.

SOMERVILLE, J. [1, 2] When a broker is employed to find a purchaser for his principal's property on specified terms, he is entitled to his commissions when he produces to his principal a person who is able, ready, and willing to buy on such terms. Handley v. Shaffer, 177 Ala. 636, 654, 59 South. 286.

It is not enough that he finds such a person, but he must notify his principal of that fact. A complaint which does not allege the consummation of the sale must allege such notification. Penter v. Staight, 1 Wash. 365, 25 Pac. 469; 19 Cyc. 275.

The fifth and ninth counts of the complaint were defective in this particular, as pointed out by the eleventh ground of demurrer.

[3] A broker's employment in this behalf does not, in the absence of a stipulation to that effect, render the principal liable for commissions to the broker in case of a sale by the principal to any customer who was not procured by the broker, provided, of course, the principal's sale was consummated before performance by the broker. Smith v. Sharpe, 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; Cook v. Forst, 116 Ala. 395, 22 South. 540.

The sixth count of the complaint does not show that plaintiff found a purchaser for defendant's land, nor any exclusive right in himself to do so; hence the allegation that defendant, pending plaintiff's employment, sold the land to his own customer, without plaintiff's knowledge or consent, is not sufficient to show a cause of action.

The demurrers to these several counts were properly sustained. It appears, however, that plaintiff had the full benefit of these counts under counts 8 and 10.

[4] Conceding, without deciding, that counts 5 and 6, as first amended, were not subject to the demurrers interposed, and that the trial court erred in so holding, yet it is clear that these rulings were without

prejudice, since these counts were afterwards amended again by the addition of matter which did not change the causes of action declared on, and placed no additional burden of proof on plaintiff.

Moreover, the instructions given to the jury show that the decisive issue of fact submitted to them was whether defendant agreed to pay plaintiff his commissions in the event of a sale by defendant himself. The appeal being upon the record proper, without a bill of exceptions, it is not made to appear that plaintiff was injured by any of the rulings complained of, even if any of them were erroneous.

The assignment of error relating to count 6½, added by amendment, is not argued in such a way as to entitle it to consideration, and must be treated as waived.

No prejudicial error appearing, the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.