(96 South. 546)

No. 25775.

## RICHARDSON v. BRADFORD.

### In re RICHARDSON.

(April 2, 1923. Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Descent and distribution** ☞119(1) — **Succession; owner's heirs held bound to perform if broker found purchaser within time for which exclusive right was given.**

Contract granting exclusive right for one year to offer real property for sale was not governed by law of mandate as laid down in Civ. Code, art. 3016 et seq., and, under article 2745 et seq., owner's heirs were bound to perform if purchaser able and willing to buy was found within the year.

2. **Brokers** ☞63(2)—**No right to commissions when offer rejected and owner's offer left details to be subsequently fixed.**

Where owner authorized plaintiff to sell land "on terms of cash or part cash and the balance to be properly secured," terms of sale on credit were to be subsequently fixed and, when offer to purchase on credit was rejected, there was no right to commissions for want of meeting of the minds.

3. **Brokers** ☞7 — **When terms not specified, court or one party or third person cannot supply the omission.**

Where owner authorized plaintiff to sell land for cash or part cash without fixing terms of credit sale, neither the court, nor one party without the other's consent, nor third party not named as common arbiter, may supply what the parties have omitted.

Action by F. Rivers Richardson against Mrs. Mary Fluker Bradford. Judgment for plaintiff was reversed by the Court of Appeal, and exception of no cause of action sustained, and plaintiff applies for writs of certiorari and review. Affirmed.

George Montgomery, of New Orleans, for plaintiff.

Martin H. Manion, Herbert W. Kaiser, and Fred A. Wulff, Jr., all of New Orleans, for respondent.

DAWKINS, J. Plaintiff's cause of action was based upon two specific demands, one for professional services as an attorney at law, and the other for alleged commissions under an employment to sell certain real property. The sum claimed for attorney's fees was admitted in the answer, subsequently paid, and judgment rendered for the amount claimed in the petition, less that for professional services. On appeal the Court of Appeal reversed the trial court, and sustained an exception of no cause of action which had been overruled below, and dismissed plaintiff's suit.

The case is now before us for review on writ of certiorari.

### Opinion.

In so far as the demand for professional services is concerned, the same has passed out of the case, for the reasons above stated; and we think the Court of Appeal properly considered the petition as if that claim did not appear.

[1] However, we cannot agree with the view that a contract of the kind in this case is governed by the law of mandate as laid down in articles 3016 et seq. of the Revised Civil Code. The plaintiff was given the exclusive right, for a period of one year, to offer real property for sale at a fixed price of so much per acre. If the owner had lived, he could not have revoked it during that, time, after it had been accepted and the plaintiff had commenced bona fide efforts to sell the property. Having died within the year, his heirs' were bound to perform, if the plaintiff found a purchaser, able, and willing to buy under the terms of the agreement; as to the obligor or owner of the property, the obligation was heritable, and did not expire with his death. It was an employment; the owner had to sign the deed and the agreement carried with it an interest in the subject-matter. R. C. C. art. 2745 et seq.; Spinks v. Georgia Granite Co., 114 La. 1044, 38 South. 824; Bermudez v. Heath, 20 La. Ann. 172, 96 Am. Dec. 390.

[2] On the other hand, the nature of the employment was such that what was actually done by plaintiff, as alleged in the petition, with the exhibits annexed; we do not believe discloses a cause of action. The agreement was consummated through an exchange of letters, that of the deceased, J. L. Bradford, containing its terms, being as follows:

"New Orleans, La., Aug. 21, 1918.

"F. Rivers Richardson, City—Dear Sir: You are hereby accorded the exclusive authority to sell the following described lands, owned by me, located in Ascension parish, this state, at the price of $25.00 per acre, on terms of cash, or part cash and the balance to be properly secured. The property will be delivered clear of all incumbrances and under full warranty of title. Your compensation for making this sale shall be five per cent. of the selling price payable when transfer is made. The lands are described as: [Then follows detailed description of more than thirteen hundred acres.]

"If you are willing to undertake the sales of these lands under these conditions please write me to that effect.

"Yours truly.

"It is understood that the time within which the sale will be made, under this contract, must be effected within a year from this date.

"[Signed] J. L. Bradford."

The proposition was promptly accepted by Richardson in writing.

Some months afterwards Bradford died, and the defendant was sent into possession as widow in community and universal legatee of his estate; but, before the year was up, to be exact, on August 15, 1919, plaintiff presented an offer from one R. McWilliams, specifically describing and offering to purchase the lands at $25 per acre—

"on terms of one-third cash and the balance in vendor's lien and mortgage notes bearing upon the property sold. payable in equal installments of five years, said notes to bear 6% per annum interest, interest payable annually, with privilege of taking up any or all of said notes at any interest maturity with their accrued interest. Property to be clear of all incumbrances and the title to be subject to the examination and approval of my attorney. All taxes to be paid. including those of 1919. Act of sale at my expense to be passed before W. Morgan Gurley, N. P. As earnest and to bind sale I will deposit in the hands of W. Morgan Gurley, N. P. 10% of the purchase price. Please furnish me with copies of your titles and abstracts of your property upon your acceptance of this proposition."

The offer was declined, and this suit followed, plaintiff contending that he had thereby earned his commission.

If the proposition had been one to pay cash, for a merchantable title, without mention of taxes, it might have been enforced.

There would have been nothing left to the arbitrary will of any one. But that phase of Bradford's proposition, as to a sale on terms of credit, left everything, except the price per acre, to be subsequently fixed, including cash payment, if any, amounts and terms of deferred payments, rate of interest, etc. Such an agreement, if it could be called one, certainly could not be enforced if it were one between the immediate parties to the proposal to buy and sell—there would have been no meeting of minds upon the essentials of the contract, and the courts could not supply it for them. The impossibility of the situation is illustrated by what happened in this very case. One purported offer was to pay defendant all the cash the proponent could borrow from the National Farm Land Bank, and to give a second mortgage for the balance—in other words, no cash outlay, in so far as the purchaser was concerned. If Bradford and his heirs were bound in the one instance, depending upon the pleasure of the proposed purchaser, as to terms, we can see no reason why he and they would not have been under the other, no matter how unreasonable it might have been.

[3] As before stated, we cannot supply that which parties have omitted from their agreements, and neither can they, one, without the consent of the other, or through a third person, determine essentials which require the meeting of minds to become enforceable contracts, unless such third person, by the terms of the agreement, be named as the common arbiter.

Since these documents, the letter of employment, the acceptance, and the offer of McWilliams were all annexed and made part of the petition and must be construed as part of its allegations, we think, for the reasons stated above, the exception of no cause of action was correctly sustained; and the judgment of the Court of Appeal is accordingly affirmed with cost.

O'NIELL, C. J., concurs in the decree.