This is a suit by Lally Lally, a firm of real estate agents, for a commission in the sum of $612 plus attorney's fees of 25%. The petition alleges that on April 8th, 1946, a written contract was entered into with the defendants, Mr. and Mrs. Joseph B. Dossat, for the sale of their property, No. 160 Jefferson Heights Avenue, Jefferson Parish, Louisiana, for the sum of $12,800 cash, the plaintiffs to receive a commission of 5% on the first $10,000 and 4% on the excess thereof; that on April 24, 1946, an offer to purchase the property for the sum of $12,800 by Mr. and Mrs. G.E. Feth was submitted to Mr. and Mrs. Dossat, who rejected same; wherefore, it is contended that plaintiffs have performed their part of the contract and are entitled to their commission.
To this petition an exception of no cause or right of action was filed which, on the 14th day of February, 1947, was maintained and plaintiffs' suit was dismissed. Plaintiffs have appealed suspensively to this court.
The exceptions are based upon two grounds: First, the contract for the sale of the property, which is in writing, was not signed by the plaintiffs and, being a bilateral contract, its acceptance can only be shown by the signature of both parties. *Page 42 
Second, the agreement is void for uncertainty, there being no meeting of the minds concerning the compensation to be paid the real estate agent, the stipulation in the agreement reading:
"I agree to pay you or your successors a commission at the regular rate of 4-5% on the gross amount of any agreement to sell or exchange bearing upon said property.",
being not sufficiently clear or certain to form the basis of an agreement.
The contract, which is in writing, a photostatic copy of which is attached to the petition, is dated April 8, 1946, and is on a printed form supplied by the plaintiffs. It reads as follows:
"Lally Lally "Realtors
"New Orleans, La., April 8th, 1946
"Lally Lally
"In consideration of your efforts to find a buyer for the property, Single Hilo 160 Jeff Heights Ave. Lot 50 x 180 more fully described on other side of this card. I employ you or successors, exclusively, to sell same for $12,800 cash or on the following terms: * * * or for any other price or terms hereafter agreed upon, and I agree to pay you or your successors a commission at the regular rate of 4-5 per cent, on the gross amount of any agreement to sell or exchange bearing on said property made during the existence of this contract or on the gross amount of any such agreement made within ninety days after the expiration or termination of this contract with anyone to whom said property has been quoted during the term of this contract.
"I give you exclusive authority to post signs on the property, to accept a non-interest bearing deposit of ten per cent of the sale price, when satisfactory offer to purchase said property is made, and to place said deposit in any bank you may select, without responsibility on your part in case of failure or suspension of said bank pending settlement with me, out of which deposit you may deduct your commission as above. In case of employment of counsel to enforce this contract, I will pay twenty-five, per cent additional as attorney's fees, also all costs.
"As you are to act upon the faith of this employment and contract, it is to remain in full force and effect for a period of six months.
"I agree to refer all applicants to you, and not to interfere in the sale of said property, during the term of this contract.
"Owner's Signature — Joseph B. Dossat "Listed by __________
Address 160 Jefferson Hgts.
"Expiration date __________
"I accept the above employment.
"Agent's Signature: Mrs. J.B. Dossat."
[1] Defendants' counsel contend that all contracts "bearing upon the sale of real estate must be in writing" and that since there is no written acceptance of the contract by plaintiffs, there is no meeting of the minds, and hence no contract. Counsel are in error. A contract of employment such as the one under consideration here is governed by Article 2745 et seq., Rev. Civ. Code, dealing with "letting out of labor or industry" and need not be in writing. Tomlinson v. Allen, 152 La. 41, 92 So. 727; Richardson v. Bradford, 153 La. 725, 96 So. 546; Whatley v. McMillan, 152 La. 978, 94 So. 905, 906.
In the last cited case the court said:
"One of C.V. McMillan's defenses as part owner is that the agreement in question was not in writing, and that agreements relating to real estate must be in writing. They must be when they purport to affect the real estate, to transfer or encumber it, but the said agreement does not purport to do that. It affected the real estate in no way. It merely enlisted the personal services of plaintiff for a certain agreed-upon consideration, and therefore did not need to be in writing."
Revised Civil Code, Art. 1811, reads as follows:
"Offer and acceptance, express or implied. — The proposition as well as the assent to a contract may be express or implied:
"Express when evinced by words, either written or spoken; *Page 43 
"Implied, when it is manifested by actions, even by silence or by inaction, in cases in which they can from circumstances be supposed to mean, or by legal presumption are directed to be considered as evidence of an assent."
Revised Civil Code, Art. 1818, reads as follows:
"Implied consent. — Where the law does not create a legal presumption of consent from certain facts, then, as in the case of other simple presumptions, it must be left to the discretion of the judge, whether assent is to be implied from them or not."
See also Bodenheimer Bros. v. Mary Planting Manufacturing Co., Limited, 1 Orleans App. 13; Joseph H. Balch v. Ann Young, Widow and Tutrix, 23 La. Ann. 272.
[2, 3] According to the allegations of plaintiffs' petition, which is the criterion on an exception of no cause of action, the real estate agents secured a purchaser for defendants' property and, therefore, acted upon and discharged their undertaking as expressed in the contract which is sufficient evidence of acceptance without their formal signature.
[4, 5] The second ground urged by defendants for the maintenance of their exception is that of uncertainty concerning the consideration of the agreement which, in the contract, is expressed as "the regular rate of 4-5% on the gross amount." It does not seem to us that this is sufficiently uncertain to void the contract on that ground. The regular rate means, we take it, the rate prevailing among real estate agents for the sale of property of similar description which, it is explained, is 4-5%. Perhaps it can be said that since this form was prepared by the real estate agents that they should be held to the lower rate of 4% because the contract mentions both figures, but in no event can it be said that the consideration is so indefinitely stated as to avoid the agreement. The exception of no cause of action should have been overruled.
Consequently, and for the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and it is now ordered that this case be remanded to the Twenty-fourth Judicial District Court for the Parish of Jefferson for further proceedings consistent with the views herein expressed.
Reversed and remanded.