## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, LITCHFIELD, MIDDLESEX AND TOLLAND,

ON THE FIRST TUESDAY OF JANUARY, 1885.

Present,

PARK, C. J., CARPENTER, LOOMIS AND GRANGER, JS.

---

THE ERIE PRESERVING COMPANY *vs.* PHILO H. MILLER.

A witness may refer to memoranda made by himself or others for the purpose of refreshing his recollection.

And it is of no consequence whether the memoranda thus referred to are originals or copies; they are solely for the use of the witness and are not evidence to go to the jury.

Where a railroad freight agent, called to testify as to the number of certain articles of freight received and the time of receiving them, referred to copies which he had made from way-bills in the office for the purpose of refreshing his recollection, but stated at the same time that he had no knowledge on the subject except that obtained from the way-bills, and the counsel on the other side objected to his use of the documents because they were copies and not the originals—it was held that whether or not a valid objection could have been taken to his evidence as not founded on any personal knowledge, yet the objection taken could not be sustained, and the overruling of it by the court was no ground for granting a new trial.

[Argued January 6th—decided January 19th, 1885.]

ACTION for breach of a contract; brought to the Superior Court in Windham County, and tried to the jury before *Sanford, J.*

The contract was for the purchase of all the apples from the

defendant's orchard, to be delivered at the Putnam station on the New York New & England Railroad in this state; the plaintiffs to furnish crates and barrels to be there delivered. On the trial, the plaintiffs, for the purpose of proving that sufficient crates were furnished by them at Putnam to fulfill the conditions of their contract, offered one Dwight Sharpe as a witness, who testified that he was the forwarding freight clerk of the New York & New England Railroad Company at Putnam; and that a large number of empty crates were consigned to and received by the plaintiffs at Putnam, during the fall of 1882. The witness, for the purpose of refreshing his recollection as to the number of crates so received and the times when received, referred to certain memoranda in his hands which he testified were true copies of the way-bills in the office, all of which he had examined, and that he had no knowledge upon the subject other than that obtained by inspection of the way-bills. The defendant objected to the evidence because the original way-bills were not produced and identified by the witness. But the court overruled the objection and admitted the evidence.

The jury returned a verdict for the plaintiffs and the defendant appealed, on the ground of error in this ruling of the court.

*J. J. Penrose* and *C. E. Searls*, for the appellant.

*G. S. F. Stoddard* and *L. M. Child*, for the appellees.

GRANGER, J. The point to which the evidence excepted to in the court below related, was, whether the plaintiffs furnished a sufficient number of crates to satisfy their contract. To prove that they did so, they offered the evidence of one Sharpe, who testified that he was at the time the forwarding freight clerk of the New York & New England Railroad Company at Putnam, whence the crates were sent, and that a large number of empty crates were consigned to and received by the plaintiffs at Putnam during the fall of 1882; and that the witness, for the purpose of refreshing his recollection as to the number of crates so

received and the times when received, referred to certain memoranda in his hands which he testified were true copies of the way-bills in the office, all of which he had examined, and that he had no knowledge upon the subject other than that obtained by inspection of the way-bills. The defendant objected to the evidence because the original way-bills were not produced and identified by the witness; but the court overruled the objection and admitted the evidence.

It is a well settled rule that a witness may refer to memoranda made by himself or by others, for the purpose of refreshing his memory, but it must be for the sole purpose of refreshing his memory, not for the purpose of gaining entirely original information from them.

Whether the witness in the present case brought himself within that rule it is not necessary for us to decide; for the objection taken was solely to his use as memoranda of copies of the way-bills and not the originals. This was a matter of no importance. A witness may refresh his memory as to dates before leaving home, by turning to entries on his account book, and may make copies of such entries to use upon the witness stand. The entries or memoranda are not evidence in themselves. They do not go before the jury. Their office is solely to refresh the witness's recollection, and they are his private property for that purpose. If the way-bills here had been offered in evidence the objection that copies and not originals were introduced would have been pertinent, but that objection had no pertinency to the case as it stood. The objection should have been to the witness's testifying at all to that of which he had no personal knowledge.

This seems perhaps a narrow ground for the decision of the case to rest upon. But we feel it our duty not to reverse a judgment which seems to have been a just one, and probably was not affected by the use of copies by the witness instead of the originals, unless the objection to the supposed error is so taken as to require such reversal.

There is no error on the record.

In this opinion the other judges concurred.