JOHN E. SOPER ET AL. *vs.* WILLIAM M. TYLER.

Third Judicial District, Bridgeport, April Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

When no time is specified for the performance of a contract the law requires it to be performed within a reasonable time.

The parties were at issue as to whether the defendant was justified in refusing to receive a car-load of oats because of delay in its delivery. *Held* that under these circumstances the omission of the trial court to give the jury any instruction at all as to the question of reasonable time was error.

Argued April 18th—decided May 8th, 1901.

ACTION to recover damages for breach of contract, brought to the City Court of Waterbury and thence by the defendant's appeal to the District Court of Waterbury, and tried to the jury before *Cowell, J.;* verdict and judgment for the plaintiff for $62 damages, and appeal by the defendant for alleged errors of the court in charging the jury, and in refusing to grant a new trial for a verdict against evidence. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*John O'Neill* and *Miss Susan C. O'Neill,** for the appellant (defendant).

*Edward L. Seery,* for the appellee (plaintiff).

ANDREWS, C. J. On the 22d day of June, 1899, the defendant sent to the plaintiffs a telegram as follows : " Send two cars white clipped oats, thirty-six pounds, thirty-three one-half. Ans. immediately." On the same day the plaintiffs answered by telegram, saying : " Have booked your order, but too low," and the following letter : " We have this

*Miss O'Neill has the distinction of being the first woman who ever argued a case before the Supreme Court of Errors of this State.

day sold you 2 cars 36/8 clipped white oats, at 32 $\frac{1}{2}$. To be shipped prompt. Designation, Waterbury, Conn. Line via H. R. Invoice and sight draft to come from us. If any error in the above please reply by return mail."

On the 15th day of July, 1899, the defendant, not having received the oats and, as far as appears, not having heard from them, sent to the plaintiffs this letter : " About the. middle of June I wired you for two cars of oats, at 33 $\frac{1}{2}$ c., to weigh 36 lbs. per bushel. June 22d I received your statement that they would be shipped promptly, and I made sale of the two cars accordingly. Parties now refuse to take them on account of delay. Please countermand the order, and oblige."

The oats arrived in Waterbury on the 27th of July, 1899, and were formally tendered to the defendant on the 29th of that month. The defendant refused to receive them. Afterwards the plaintiffs, claiming to act on account of the defendant, sold the oats for 30 cents per bushel. This suit was brought to recover for the difference in the price.

The fact that the defendant, after he received the letter and telegram of June 22d, bargained to sell the oats to another party, would seem to show that he regarded the contract between himself and the plaintiffs as a completed one ; and that nothing remained but performance by the plaintiffs. This being so, the decisive question in the case was whether or not the defendant was justified in refusing to receive the oats by the delay in the delivery.

In all cases of contract where the time of performance is not specified the law requires that it shall be performed within a reasonable time. *Atwood* v. *Cobb*, 16 Pick. 227, Shaw, C. J.; *Cocker* v. *Franklin, etc., Mfg. Co.*, 3 Sum. 530, Story, J. If the party on whom the duty of performance rests delays beyond a reasonable time, then the other party may refuse to accept performance. Thus, where the contract imposes on the vendor the duty of sending the goods he must send them within a reasonable time ; Chit. on Con. 1065 ; Benj. on Sales (6th ed.), 656 ; and if they are not so sent the buyer is relieved from the obligation of receiving them. *Ellis* v. *Thompson,* 3 M. & W. 445 ; *Danforth* v. *Walker*, 40 Vt. 257.

In this case the oats were ordered on the 22d day of June, 1899. They did not arrive in Waterbury until the 27th of July following, and were not formally tendered to the defendant until the 29th of that month. They were not shipped at any time consigned to this defendant, but were consigned to the plaintiffs at Waterbury, Connecticut, with instructions to the carrier to inform the defendant. On the trial there was evidence that a reasonable time for the carriage of freight from Chicago to Waterbury did not exceed ten days. What was such reasonable time was a question of fact for the jury. If the jury believed this evidence, then the verdict ought to have been for the defendant. But upon this question of reasonable time in the performance of this contract the jury was not instructed at all. We think the court erred in omitting such instruction. "In every case it is the duty of the court to give the jury such instructions as are correct in law, as are adapted to the issues, and as are sufficient for their guidance in the case before them." *Hartford* v. *Champion*, 58 Conn. 268, 276; *Miller & Co.* v. *Lampson*, 66 id. 432; *Smith* v. *Hall*, 69 id. 651, 667.

There is error and a new trial is granted.

In this opinion the other judges concurred.