JOHN A. WENDLE *vs.* JOHN E. PALMER ET UX.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A broker earns his commission when he procures a customer who is ready and willing to purchase upon the terms accepted by the owner.

The plaintiff, a real estate broker employed by the defendant who owned the land, secured an offer of $7,000 for it, $3,500 of which was to be paid by the purchaser by assuming the outstanding mortgage, $2,500 was to be paid in cash, and $1,000 was to be secured by a second mortgage at five per cent. ; and these terms were reported to and accepted by the defendant.  Nothing was said as to the time when the debt secured by the second mortgage was to be paid.  *Held* that it was clearly intended that the purchaser should have some time after the execution of the second mortgage in which to pay the $1,000, and, in the absence of a definite term, that he was entitled to a reasonable time ; that six months, the time requested by him and found by the trial court to be a reasonable time was not unreasonable; and therefore that the plaintiff was entitled to his commission.

Submitted on briefs April 19th—decided June 14th, 1904.

ACTION by a real estate broker to recover a commission for his services, brought to the City Court of Stamford and

thence by appeal of the plaintiff to the Court of Common Pleas in Fairfield County and tried to the court, *Curtis, J.;* facts found and judgment rendered. for the plaintiff, and appeal by the defendants. *No error.*

*Julius B. Curtis* and *Louis J. Curtis,* for the appellants (defendants).

*Homer S. Cummings,* for the appellee (plaintiff).

HALL, J. The defendants employed the plaintiff, who was a real estate broker, to procure a purchaser for certain land and buildings thereon in Stamford, at the usual commission of two and one half per cent. The plaintiff procured an offer from one Verian to buy the property for $6,500, the purchaser to assume an existing mortgage of $3,500, upon the property, and to pay the balance, of $3,000, in cash. This offer the defendants directed the plaintiff to accept if he could procure no better terms. The plaintiff thereupon obtained an offer from said Verian to purchase the premises for $7,000, which offer contained these terms : " 1st, Mortgage for $3,500 to be assumed by the purchaser; 2d, $2,500 to be paid in cash ; 3d, a second mortgage for $1,000 to be given back to Nellie Palmer (the defendant) by the purchaser, bearing interest at the rate of five per cent." This offer was reported to the defendants and accepted by them upon said terms.

A written contract for the sale having been prepared, in which the second mortgage note was described as payable on demand, Verian, in answer to his inquiry, was informed that payment of a demand note could be required at any time. Conversation thereupon followed between Verian and the defendants as to how long the demand note would be allowed to run, and Verian agreed to execute the contract as prepared if it was understood that payment of the demand note would not be required within six months, but not otherwise. The defendants insisted that payment of the sum for which the second mortgage was to be given must

be made at the end of sixty days, and finally said that they would not agree to any mortgage, but that the transaction must be all for cash. Nothing had been said by any of said persons as to how long the second mortgage would be allowed to remain, until the proposed contract was read.

The trial court finds that the requirement of the defendants, that the sum to be secured by the second mortgage should be paid at the end of sixty days, was unreasonable; that the purchaser's demand for six months' time for such payment was reasonable; and that the sale was not effected because of the defendants' refusal to agree that the payment of said sum would not be required within six months from the date of such mortgage.

The plaintiff has earned his commission if the facts above stated show that he procured a customer who was ready and willing to purchase, upon the terms which were accepted by the defendants. *Schlegal* v. *Allerton,* 65 Conn. 260; *Clark* v. *Thompson & Son Co.,* 75 id. 161.

It is claimed that the plaintiff failed to procure such a customer because Verian refused to agree that the time for payment of the $1,000 to be secured by a second mortgage, should be fixed at sixty days from the date of the mortgage, and demanded six months from such date for the payment of said sum. It is true the parties did not expressly agree upon the precise date on which the sum to be secured by second mortgage should be paid. They did, however, make an agreement regarding the terms of payment which was accepted as sufficiently definite. The real question is not whether the parties agreed upon the terms of payment, but what was meant by the terms of payment upon which they did agree. To construe the provision in such agreement, that a second mortgage bearing interest at the rate of five per cent. would be accepted for $1,000 of the purchase price, as meaning that the defendants might require payment of the sum to be so secured by mortgage, at such time as they pleased, would be to hold that the provision respecting the payment of the $1,000 was practically the same as that regarding the payment of the $2,500, and that the payment of

both sums might be demanded immediately upon the delivery of the deed and mortgage. The language of the agreement clearly shows that it was intended that the purchaser should have some time after the execution of the second mortgage for the payment of the $1,000. The mortgage was to be given to secure the future, not the immediate, payment of that sum. In the absence of language fixing a more definite time for such payment, the provision for the giving of a second mortgage for that sum is to be construed as meaning that the purchaser should have a reasonable time within which to pay it. We agree with the trial court that six months was not an unreasonable time, and that sixty days was not a reasonable time, to be allowed for such payment.

There is no error.

In this opinion the other judges concurred.