FREDERICK M. HARLOW ET AL. (THE HARLOW LUMBER COMPANY) vs. THE PARSONS LUMBER AND HARDWARE COMPANY.

First Judicial District, Hartford, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Where words used in a memorandum of sale have a technical meaning, parol evidence thereof is admissible.

Where no date is fixed by the parties for the delivery of goods sold, the law implies that they are to be delivered within a reasonable time.

Proof of a contract to deliver lumber within a reasonable time does not support an alleged special contract to deliver it on its arrival.

What is a reasonable time under the circumstances of a given case is

Harlow *v.* Parsons Lumber & Hardware Co.

ordinarily a question of fact for the jury; but when the circumstances are such that but one conclusion is reasonably possible, the court itself may declare it.

While the unexplained failure of a railroad company to transport goods promptly will not excuse a breach of the vendor's obligation to deliver them to the vendee within a reasonable time, yet delays on the part of railroad companies are likely to occur, and are therefore to be considered in determining the reasonableness of the delivery in a given case.

The admission of evidence which does not touch the issue upon which the case is decided is harmless and cannot afford ground for a new trial.

Argued January 7th—decided January 22d, 1909.

ACTION to recover damages for breach of contract to purchase a car-load of lumber, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs. *No error.*

The plaintiffs, doing business in Hartford, and the defendant, doing business in Unionville, Connecticut, entered into a contract by telephone for the sale and purchase of a car-load of lumber then in transit by rail from Laurel, Mississippi, to Wallingford, Connecticut. The plaintiffs thereupon caused a sales slip and invoice of the lumber to be made out, which read, respectively, as follows:—

HARLOW, TODD & CO.
Hartford, Conn.
Wholesale Lumber.

Order No. 1409                    Date May 15 —— 1906.
Sold to The Parsons Lubr. & Hardware Co.
At Unionville Ct.
Route                              When transit car.
Terms 1½% 15 days.
One (1) car 1 x 4 (3¼" face) A. Sap rift
        flg. D & M.                at $38.50
Thank you

HARLOW LUMBER CO.
M. P. H.

Harlow Lumber Co.
successor to
Harlow, Todd & Co.
Wholesale Lumber.

HARTFORD, CONN., Apr. 17, 1906.

Sou. Car No. 40290
Consigned to us Unionville, Ct.
Order No. 1409
Terms 1½% 15 ds.

Sold to Parsons Lbr. & Hdw. Co.,

18,072 ft. 1 x 4 "A" Sap Rift D & M at $38.50    $695.77

These were mailed to and received by the defendant. Afterward the defendant, the lumber not having arrived and the plaintiffs being unable, after repeated inquiries, to give definite information as to when it would arrive, wrote the plaintiffs the following letter:—

"The Parsons Lumber & Hardware Co.

"Unionville, Conn., July 10th, 1906.

"Harlow, Todd & Co.,

"Hartford, Conn.

"GENTLEMEN:—

"Please cancel the order for car No. 40290. We have had our agent here wire to Harlem River and have received word June 28th that there was no account of any such car there. We have been waiting a few days since to see if it would come but as it has not please cancel as before directed, as we will procure it somewhere else.

"Yours very truly,

"THE PARSONS LUMBER & HARDWARE CO."

The lumber arrived in Wallingford on the 13th of August, 1906, and the plaintiffs at once offered to forward it to the defendant at Unionville, but the defendant refused to accept it. The plaintiffs then sold the lumber for a less price than the defendant was to have paid. This action is brought to recover the difference.

*Josiah H. Peck*, for the appellants (plaintiffs.)

*Joseph P. Tuttle*, for the appellee (defendant).

THAYER, J.   The complaint alleges that on May 15th, 1906, the plaintiffs and the defendant mutually agreed that the plaintiffs should sell to the defendant, and that the defendant should purchase from the plaintiffs, one carload of lumber, consisting of 18,072 feet of yellow pine flooring, for $38.50 per thousand feet, said lumber being then in transit and to be delivered by the plaintiffs to the defendant on arrival; and that on the 15th of August following, on the arrival of the lumber, the plaintiffs offered to deliver the same to the defendant and the defendant refused to accept it.

As the complaint thus alleges an agreement for the sale of personal property for more than $50, to be thereafter delivered, no part of which was ever accepted, such agreement was within the statute of frauds and could be proved only by a memorandum thereof in writing signed by the defendant or its agent.   General Statutes, § 1090.   For such memorandum the plaintiffs relied upon the sales slip, invoice and letter of the defendant, which appear in the statement of the case.   It nowhere, in either of these documents, expressly appears that the lumber was to be delivered on arrival, or within what time it was to be delivered.   The sales slip is dated May 15th, the day the contract was made, the invoice is dated April 17th, nearly a month earlier.   In the sales slip appear the words "When transit car."   The plaintiffs insist that these words express the date of delivery, and that such date is the arrival of the lumber in Unionville.   Unless they have in the lumber trade a technical meaning different from their ordinary meaning, it is clear that they give no information as to the time when the lumber should be delivered.   But the plaintiffs, insisting in the trial below, as they insist here,

that the words had such technical meaning, the court properly received parol evidence to show what that meaning was. *Hatch* v. *Douglas*, 48 Conn. 116, 128, 129; *Soper* v. *Tyler*, 77 id. 104, 106, 58 Atl. 699. From such evidence the court found that such sales slips are customarily used in the lumber trade, and that it is the custom to fill in the blank after the printed word "When," with the date of shipment; but that when filled as this was with the words "transit car," they mean that the lumber has left the mill and is in transit. The words, therefore, do not fix the date of delivery. If the parties to the contract did not agree upon the date of delivery, the law would imply that it was to be within a reasonable time. *Soper* v. *Tyler*, 73 Conn. 660, 661, 49 Atl. 18. But this is not the contract alleged in the complaint, and the memorandum relied upon fails to prove the special contract alleged—to deliver on arrival. The court correctly ruled, therefore, that the memorandum was not sufficient to prove the contract alleged.

If the memorandum is construed as requiring the delivery to be within a reasonable time, the plaintiffs claim that this is not "a question of primary fact" but a conclusion which is in such cases a question of law. Ordinarily what is a reasonable time under the circumstances of a given case is a question of fact for the jury. When the circumstances are such that but one conclusion is reasonably possible, the court may assume or declare to the jury the conclusion which must inevitably be reached. *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 71 Atl. 358. In the present case it was a question of fact to be determined under the evidence, and was so treated in the pleadings. In the case of *Soper* v. *Tyler*, 73 Conn. 660, 662, 49 Atl. 18, it is said that "what was such reasonable time was a question of fact for the jury." In that case the question being considered was whether an order to ship grain was given within a reasonable time. In the present case the first defense of the answer sets up, in substance, that the delivery was not

tendered within a reasonable time. The plaintiffs joined issue on that question of fact, and the court has found the issues in favor of the defendant. There is nothing in the case as it comes before us from which we can see that the court adopted any wrong conclusions of law in making the determination. If, therefore, the plaintiffs proved a contract to deliver within a reasonable time, they failed to prove performance on their part.

One of the conclusions reached by the court was that the unexplained failure on the part of the railroad to transport the lumber promptly did not excuse the plaintiffs' failure to make delivery either within the usual time required for transportation or within a reasonable time. Whether it would excuse nondelivery within the usual time of transportation, it is unnecessary to consider, as that is not a question in this case. Such a delay would be an important circumstance to be considered in determining whether the delivery was made within a reasonable time. Delays of that character will, in the ordinary course of things, occur, and are to be considered in determining the reasonableness or unreasonableness of a party's conduct. We must assume that the court took into consideration the fact of the railroad's lack of promptness, in arriving at the conclusion that the lumber was not tendered to the defendant within a reasonable time. It cannot be said, therefore, that the court was wrong in the conclusion mentioned.

Two witnesses called by the defendant were asked to relate what they heard of a telephone conversation between the parties to the suit at the time the contract was made. Their answers tended to show an agreement on the part of the plaintiffs to deliver the lumber in ten days or two weeks, and was admissible in support of the allegations of the second defense upon which issues of fact were joined. The evidence was objected to as tending to vary the terms of the written memorandum. The objection was overruled, upon what ground is not stated. As the case was decided

upon the grounds that the memorandum did not support the contract alleged in the complaint, and that the lumber was not tendered within a reasonable time, and was not decided upon the grounds stated in the second defense, the plaintiffs can have received no harm from the reception of the evidence, and the ruling of the court in admitting it affords no ground for a new trial.

There is no error.

In this opinion the other judges concurred.