## JOHN BURN ET AL. *vs.* THE METROPOLITAN LUMBER COMPANY.

Third Judicial District, Bridgeport, April Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

By a writing dated at Bridgeport in this State, May 7th, and addressed to the defendant, a wholesale lumber dealer at Newark, New Jersey, the plaintiffs, who were carpenters and builders in Bridgeport, ordered the defendant to "ship us transit car containing" three different kinds of No. 1 white pine cuts, at prices designated, "inspection allowed on this car," which was duly accepted in Bridgeport by the defendant's agent, but the lumber was never delivered. In an action to recover damages for its nondelivery it was *held*:—

1. That the following conclusions reached by the trial court were warranted by the evidence: first, that the contract called for a delivery in Bridgeport; and second, that the defendant refused on or about July 6th to deliver the lumber, after the lapse of more than six weeks within which, as a reasonable time, delivery should have been made.

2. That there was prejudicial error in admitting—against objection and motion to strike out—the testimony as to market value and damages, since the only witness upon that subject, offered as an expert, was not qualified to express an opinion.

Knowledge of the retail price of an article obtained by a salesman solely from a price-sheet prepared for his use by his employer, does not qualify the salesman to testify as to value generally, nor permit him to consult such price-list to refresh his memory. In fact,

(1)

such a witness has no knowledge or memory to be refreshed, but is merely a vehicle for the introduction of the price-list, itself inadmissible as hearsay evidence.

Submitted on briefs April 10th—decided July 31st, 1919.

ACTION to recover damages for the alleged wrongful refusal of the defendant to deliver a carload of lumber pursuant to its agreement, brought to and tried by the Court of Common Pleas in Fairfield County, *Booth, J.;* facts found and judgment rendered for the plaintiffs for $374, and appeal by the defendant. *Error and cause remanded.*

From the finding the following material facts appeared: The plaintiffs were carpenters and builders in Bridgeport, Connecticut. The defendant was in the wholesale lumber business in Newark, New Jersey. May 7th, 1917, the plaintiffs gave defendant's agent in Bridgeport an order, accepted by the agent, as follows:—

"Bridgeport, Conn., May 7, 1917.
Metropolitan Lumber Co.
    Newark, N. Jersey.
Ship us transit car containing

| | | | | |
|---|---|---|---|---:|
| 2000 ft. | $^8/_4$ No. 1 White Pine Cuts | | | 60.00 |
| 3000 " | $^5/_4$ No. 1 " | " | " | 55.00 |
| 5000 " | $^4/_4$ No. 1 " | " | " | 48.00 |

        Terms 2½% 15 day—90 days net.
Inspection allowed on this car—
        Mark invoice—
Accepted                          Burn & Crump,
        Jos. Kerr                        per J. Burn."

A reasonable time for delivery would have been a month to six weeks. The lumber not having been delivered, on July 6th, 1917, plaintiffs inquired of the defendant about the failure to deliver, and the next day

the defendant replied that it had received no such order. The lumber was never delivered. The court found the retail market value of this lumber in Bridgeport on July 6th, 1917, was $374 greater than the contract price, and rendered judgment for that amount.

The court further found:—

"9. That to entitle the purchaser of lumber to a wholesale price for the same, it would be necessary that such purchase be for an amount of at least one-half carload of each lot of lumber, to wit, about 10,000 feet or more.

"10. The plaintiffs were not entitled to a wholesale price for the lumber purchased by them, by reason of the fact that it included three separate lots of 2,000, 3,000 and 5,000 feet respectively.

"11. No express agreement was made as to the place of delivery other than appears upon Exhibit C, but by a previous course of dealing the plaintiffs had purchased from the defendant a quantity of lumber as appears by Exhibit A. Under this contract, the defendant had delivered the lumber to the plaintiffs in Bridgeport.

*Samuel E. Hoyt* and *William A. Bree*, for the appellant (defendant).

*Henry E. Shannon* and *Frank L. Wilder*, for the appellees (plaintiffs).

GAGER, J. This case was left to the trial court upon very meagre testimony on the part of the plaintiffs, and none whatever on the part of the defendant.

The appeal is based on claimed errors in the finding, errors in rulings on evidence, and errors in conclusions of law.

The action being for damages for failure to deliver

a quantity of lumber, the first question is where was the lumber to be delivered? The court found it was to be delivered in Bridgeport, and this conclusion of fact is warranted by the evidence. The contract was in writing and dated at Bridgeport, and the parts material to this action are: "Ship us transit car containing," and "Inspection allowed on this car." The provision for inspection is not conclusive, for unless the buyer has previously examined the goods, he must in all cases have a reasonable opportunity for inspection. General Statutes, § 4713. The question, then, is whether the words "Ship us transit car," in connection with the place where the order was given, which was the plaintiffs' place of business, constitute a contract, express or implied, designating Bridgeport as the place of delivery; for otherwise and under the Sales Act, the seller's place of business was the place of delivery. General Statutes, § 4709. There was no evidence as to the meaning of the term "transit car" in the lumber business, and the court construed the words "transit car" as meaning loaded and on the way to Bridgeport; and that therefore the only definite place possible to be ascertained from the contract was Bridgeport. We cannot say that the court, in the absence of any information other than that contained in the order, reached an erroneous result. The result conforms to a similar result reached in *Stock* v. *Towle*, 97 Me. 408, 54 Atl. 918, although in this latter case the point was identification of goods ordered and not place of delivery, and the goods appeared to have been tendered to the buyer at the conclusion of the transportation which was the location of the buyer. *Harlow* v. *Parsons Lumber & Hardware Co.*, 81 Conn. 572, 71 Atl. 734, is also instructive on this point, and seems to confirm the conclusion of the trial court in the present case.

Objection is also taken to the finding that there was

a refusal to deliver the lumber on or about July 6th, 1917, and that a reasonable time for delivery was from four to six weeks from May 7th, the date of the order. The evidence clearly warrants these conclusions of fact, and no special discussion is necessary.

The defendant asks for a correction of paragraphs 9 and 10 of the finding, which are, in effect, that the sale was a retail transaction and therefore damages should be assessed on the basis of retail prices. The evidence upon which to base such a finding does not, upon a careful examination, seem conclusive. But as, for reasons hereinafter stated, there must be a new trial, we will pass over this question, as it may be more thoroughly investigated upon another hearing.

The third and fourth reasons of appeal relate to rulings on the admissibility of testimony of the witness Moore, the only witness as to value and the amount of damages. Moore's testimony was solely as to retail prices of lumber charged by the firm of which he was a salesman. He was put on as an expert; his only means of information testified to was the possession upon the witness stand of a price-book of the A. W. Burritt Lumber Company, located in Bridgeport, which price-book was the regular price-sheet for the benefit of its salesmen. He testified that these price-books were handed to the salesmen; none of them were prepared by the salesmen; he did no work of preparation whatsoever; did nothing in the figuring of costs to determine the reasonable value of lumber at the period in question. Further, the witness did not state any knowledge, information or experience with reference to prices, other than as to retail prices obtained solely from this price-sheet prepared and given to him by his employer. Such knowledge and information alone do not qualify a witness to testify as to value generally, nor permit him to consult this price-sheet to

refresh his memory. He has no knowledge or memory to be refreshed. The sheet itself would be inadmissible as hearsay. It is none the less hearsay because the attempt is made to use it through the witness, who knows nothing more than its contents. The witness did not qualify himself to testify to values generally in Bridgeport. The objection taken was, in substance, that the witness was not giving or professing to give an opinion of his own, but was merely giving a price-list of the Burritt Company. The testimony based on this price-sheet, having been given against objection, when, later, it more clearly appeared that the witness did not pretend to any knowledge except from this sheet prepared by some one else, and in the production of which he took no part, a motion was made to strike out this testimony for the reasons stated above. The objection should in the first place have been sustained, and later, when the testimony was in, the motion to strike out should have been granted. The objection is, not that the sheet was prepared by some one else, but that it did not refresh the witness as to any facts he otherwise knew. "An expert may testify to value, though his knowledge of details is simply derived from inadmissible sources, because he gives the sanction of his general experience." *National Bank of Commerce* v. *New Bedford*, 175 Mass. 257, 261, 56 N. E. 288. Here the witness disclosed no general experience; he sold only at prices made by his employer and that was all. In Stephens Digest of Evidence, Article 136, quoted with approval in *Curtis* v. *Bradley*, 65 Conn. 99, 107, 31 Atl. 591, it is said: "The witness may also refer to any such writing made by any other person, and read by the witness within the time aforesaid, if when he read it he knew it to be correct." In *Erie Preserving Co.* v. *Miller*, 52 Conn. 444, 446, it is said: "It is a well-settled rule that a witness may refer to

memoranda made by himself or by others, for the purpose of refreshing his memory, but it must be for the sole purpose of refreshing his memory, not for the purpose of gaining entirely original information from them." See, also, along the same lines, *Norwalk* v. *Ireland*, 68 Conn. 1, 13, 35 Atl. 804; 1 Wigmore on Evidence, §§ 719, 758, 759.

With the testimony of Moore excluded, there was no evidence before the court upon which to base damages, and none should have been assessed.

There is error, the judgment is reversed and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.