## HERBERT T. GRIFFIN vs. MARGARET HALEY SMITH
### ET AL.

Third Judicial District, Bridgeport, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

Specific performance of an oral agreement for the sale of real estate will
    not be decreed unless its existence and terms are duly and con-
    clusively established and it appears that the contract itself is
    certain, equal and fair and founded upon a valuable consideration;
    and even when so proven, it is not a matter of right but of sound
    discretion.
Whether the possession of real estate by a buyer is of such a nature as to
    take an oral agreement for its sale out of the statute of frauds is a
    conclusion from the subordinate facts found and is reviewable by
    this court on appeal.
In the present case, the defendant orally agreed to sell his real estate to
    the plaintiff for the sum of $2,850, of which $850 was to be paid
    in cash and the balance secured by mortgage; and it was further
    agreed that the plaintiff could occupy the premises for $15 per
    month until such time as he "could spare the money" to make the
    cash payment on the purchase price.   Thereafter, the plaintiff
    remained in possession for more than three years, during which
    period he paid the defendant $15 monthly, repaired the building,
    removed partitions, worked about the grounds, and prepared plans
    and purchased materials for certain alterations.   Held:—
1. That there was sufficient part performance of the oral agreement
    to take it out of the statute of frauds.
2. That the agreement was too indefinite to be enforced because it did
    not provide when the purchase-money mortgage was to become
    due.
3. That the plaintiff's promise to close the transaction when he could
    "spare the money" should be construed as an unconditional obliga-
    tion to be performed within a reasonable time.
The case of Wendel v. Palmer, 77 Conn. 12, explained and distinguished.

Argued April 11th—decided July 28th, 1924.

SUIT for the specific performance of an alleged oral
agreement for the sale of the defendants' real estate,
brought to and tried by the Superior Court in Fairfield
County, Maltbie, J.; facts found and judgment ren-

dered in favor of the plaintiff against two of the defendants and in favor of the third, from which the losing defendants appealed. *Error; judgment to be entered for defendants.*

*Clement A. Fuller*, with whom was *Frank E. Jamrozy*, for the appellants (defendants).

*H. Allen Barton*, with whom, on the brief, was *William L. Tierney*, for the appellee (plaintiff).

CURTIS, J. In this suit the court found these facts. About the middle of April, 1919, the defendant Frederick Smith and the plaintiff entered into an oral agreement by which Smith agreed to sell and the plaintiff agreed to purchase certain premises of Smith upon the following terms: "The purchase price was to be $2850, $850 to be paid before the deed was delivered and the balance to be secured by a mortgage upon the premises, bearing interest at six per cent; the plaintiff was to go into occupancy of the premises on May 1, 1919, and until he was ready to pay the cash due on the purchase price, was to pay Smith $15 a month, which was to take care of the carrying charges on the property; and the transaction was to be closed when the plaintiff could spare the money."

On or about April 22d, 1919, Griffin went into the occupation of the premises, in pursuance of this contract. Ever since then, the plaintiff has occupied the premises, and until the controversy hereinafter described arose, about October, 1922, continued to pay Smith $15 a month, as agreed, except that the first payment was $19 because of his occupancy before May 1st, 1919. The plaintiff, on several occasions, spoke to Smith about completing the transaction, but the latter assured him he was in no hurry and was satisfied, if the plaintiff was.

During his occupation Griffin made incidental repairs on the building, removed partitions between rooms and did considerable work about the grounds. He also secured from his brother-in-law, an architect, plans for altering the house, and in anticipation of such alterations, bought some lumber, window sashes and hardware.

Just prior to October 1st, 1922, the defendant Greco offered to purchase the premises of Smith for $3,500 and Smith then told him that he would talk with the persons who were occupying the premises before accepting that offer. Accordingly, on the following day, Sunday, Smith called at the premises and asked the plaintiff if he still wished to purchase the premises, and was assured that he did, whereupon Smith informed him that, if he wanted the premises, the agreement between them would stand, and the plaintiff then showed him the plans he had caused to be prepared for altering and improving the house. On his way home Smith gave Greco to understand that he could not have the place, but that the plaintiff was to have it.

The same day, or the next, however, Smith sent for Greco, made a contract with him for the sale of the premises to him for $3,500, and accepted a deposit of $500. A day or two later Smith informed the plaintiff that he had sold to Greco, and the plaintiff then said to him that rather than go to court, he would pay $3,500 if Smith would increase the mortgage to a corresponding extent.

Greco had knowledge of sufficient facts to put him upon inquiry as to the rights of the plaintiff in the premises, and such inquiry, reasonably pursued, would have led to a full knowledge of those rights.

Any tender of performance by the plaintiff after he was informed by Smith of his agreement with Greco

for the sale of the premises would have been wholly useless, as it would have been refused at once.

A reasonable time in which to make the mortgage for $2,000 payable would be one year.

The court ruled that the occupation of the house and lot by Griffin was a sufficient part performance to remove the bar of the statute and permit the introduction of parol evidence as to a parol contract, and after the introduction of parol evidence, the court found the issues for the plaintiff against Smith and Greco, and found the foregoing facts and ruled as a conclusion from them that a decree of specific performance ought to be rendered against Frederick Smith.

This holding involved a ruling that the court found due proof of the existence of the contract and its terms, and that it was certain, equal and fair and founded upon a valuable consideration, and that in the exercise of its discretion it should be specifically performed. *Van Epps* v. *Redfield*, 69 Conn. 104, 114, 36 Atl. 1011.

The defendants Frederick Smith and Greco moved for the correction of the finding, and upon the denial of the motion in part filed exceptions thereto and duly appealed therefrom. We are unable to find any sufficient basis for the corrections sought. *DeFeo* v. *Hindinger*, 98 Conn. 578, 120 Atl. 314.

The question whether the possession of the land in question by the plaintiff was of such a nature as to justify the admission of parol evidence of a contract to sell the land to the plaintiff by the defendant, is a conclusion from the subordinate facts and may be reviewed on appeal. *Van Epps* v. *Redfield*, 69 Conn. 104, 111, 36 Atl. 1011.

We have recently had occasion to review our law in so far as it relates to the effect of the possession of the land contracted for by the plaintiff, who claims that a parol agreement exists between him and the owner for

its purchase by him. *Bradley* v. *Loveday,* 98 Conn. 315, 119 Atl. 147.

The facts found as set forth above are a sufficient basis for the conclusion that there was such a part performance of the contract as to justify the admission of parol evidence as to its terms. *Andrew* v. *Babcock,* 63 Conn. 109, 122, 26 Atl. 715; *Grant* v. *Grant,* 63 Conn. 530, 539, 29 Atl. 15; 36 Cyc. 645; Fry on Specific Performance (5th Ed.) § 602, § 604; Waterman on Specific Performance, § 270; Pomeroy's Equity Jurisprudence, Vol. 5, p. 5006, § 2241.

The court also ruled that the facts found were a sufficient basis for the conclusion that an enforceable parol agreement had been made. The defendants claim that the parol contract found to have been proved is too indefinite to be enforced, in that the contract did not provide when the $2,000 to be left on mortgage was to become due. This claim we sustain. *Platt* v. *Stonington Savings Bank,* 46 Conn. 476; *Gendelman* v. *Mongillo,* 96 Conn. 541, 546, 114 Atl. 914.

It is claimed that *Wendel* v. *Palmer,* 77 Conn. 12, 58 Atl. 12, supports the ruling that a provision in the agreement of sale that a portion of the purchase price is to be secured by mortgage on the land, is sufficiently certain and definite, because the law will import into such an agreement a term that such mortgage will become due in a reasonable time. *Wendel* v. *Palmer,* was not a case where the court was construing an agreement to sell land. In that case a real-estate agent was seeking to recover a commission, and he claimed that his employer, the landowner, had unreasonably prevented the completion of a valid written contract of sale by demanding that a purchase-money mortgage, which he was willing to take, should be made payable on demand and not payable at the end of six months, as the vendee desired. We held that the vendor's

requirement of a demand mortgage note was unreasonable, that therefore the making of a valid written contract of sale was unreasonably prevented by the owner, and hence that the agent had earned his commission.

The contract in the instant case provides that the plaintiff was to pay the owner $15 per month after he went into possession, to take care of the carrying charges, and that "the transaction was to be closed when the plaintiff could spare the money." This provision was in effect an agreement to pay when able, and did not make the agreement conditional and hence merely an option. Under our law such a provision is construed as an unconditional promise to be performed within a reasonable time. *Norton* v. *Shepard*, 48 Conn. 141; 2 Williston on Contracts, § 804; 5 Page on Contracts (2d Ed.) § 2597; *Smithers* v. *Junker*, 41 Fed. 101.

For the reason stated above there is error, and the case is remanded with direction to enter judgment for the defendants.

In this opinion the other judges concurred, except HAINES, J., who dissented.