JAMES MARTONI *vs.* THE MASSACHUSETTS FIRE AND MARINE INSURANCE COMPANY.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND AVERY, Js.

In an action upon an insurance policy, the plaintiff's burden of establishing compliance with conditions precedent not specifically put in issue by the defense is sustained by proof of his interest in the property, the issuance of the policy, the loss and the furnishing of proofs of loss; as to those put in issue he sustains the burden by proof as in any case.

When a policy against the theft of an automobile gives the insurer the privilege of returning the car, if recovered, to the insured, but fails to specify the time within which such privilege may be exercised, the law will imply that it is to be done within a reasonable time.

In the present case there was a conflict of evidence as to the condition of the plaintiff's automobile at the time when he rejected the offer of the defendant insurer to return it to him. *Held* that the trial court correctly instructed the jury that the rejection by the plaintiff was not justified unless the defendant "failed to return the car, or have offered to return the car in substantially the same condition in which it was at the time it was stolen."

The policy provided that, in the event of theft, the defendant should pay the loss to the plaintiff up to $1,200. It appeared that, at the time of the loss, the plaintiff was merely a lessee of

the car, the lessor having an interest therein to the extent of $300. *Held* that the measure of the plaintiff's damage was the fair market value of the automobile less the interest of the lessor; and that it was immaterial that the car had since been repossessed by the lessor.

Argued June 15th—decided July 25th, 1927.

ACTION upon a policy of insurance issued by the defendant against theft of the plaintiff's automobile, brought to the Court of Common Pleas for Fairfield County and tried to the jury before *Hall, Acting-Judge;* verdict and judgment for the plaintiff for $799, from which the defendant appealed. *No error.*

*Louis Feinmark,* with whom was *Nathan Reback,* for the appellant (defendant).

*Henry Greenstein,* with whom, on the brief, was *Harry Schwartz,* for the appellee (plaintiff).

WHEELER, C. J. The complaint sets up that the defendant, for a consideration, executed to the plaintiff, the owner of an automobile, a policy of insurance upon it, agreeing to pay him the value of the automobile up to $1,200 in the event of its loss by theft at any time between June 4th, 1923, and June 4th, 1924, and that on or about December 6th, 1923, the automobile was stolen, and that at that time he furnished proofs of loss and performed all the conditions of the policy, and that defendant has not paid the loss.

The answer admits the making of the policy of insurance for the specified consideration and admits that it was stolen. It denies plaintiff's ownership, and alleges that plaintiff was the lessee from the Long Company, and that the policy covered not only the interests in the automobile of the plaintiff but of the Long Company. It further denies the giving of the proofs of loss and performance of the conditions of the policy.

The defendant might have required the plantiff to set up the policy, but it chose to join issue without doing this. No obligation rested upon the plaintiff at the trial to prove compliance with these various conditions. The burden was upon the defendant to set up specially such as it contested. *Benanti* v. *Delaware Ins. Co.,* 86 Conn. 15, 18, 84 Atl. 109; *Vincent* v. *Mutual Reserve Fund Life Asso.,* 77 Conn. 281, 58 Atl. 963; *Hennessy* v. *Metropolitan Life Ins. Co.,* 74 Conn. 699, 52 Atl. 490. We say, in *Benanti* v. *Delaware Ins. Co., supra:* "The plaintiff sustains this burden as to the conditions not specifically put in issue by the defense by proof of his interest, the issuance of the policy to him, the loss, and his compliance with the proofs of loss; as to those put in issue by the defense, he sustains the burden by proof as in any case. The trial court, in effect, so instructed the jury. In so doing it followed our practice and our settled rule."

This the defendant did in a "First Special Defense," viz.: The defendant, after receiving notice that the car had been stolen, made due search for the same and recovered the car in Philadelphia, and notified plaintiff of this fact, but he refused to go to Philadelphia to retake the car. Thereafter defendant repaired the car in as good condition as it was prior to the theft, and notified plaintiff that the car was in the city of New York at his disposal, but plaintiff refused to go to New York City and take the car. Defendant brought the car to New Haven and then to Bridgeport and notified plaintiff that defendant was ready to turn the car over to plaintiff, but he refused to retake it. Defendant also informed plaintiff at this time that if there were any adjustments to be made so that the car would be in as good condition as it was prior to its theft, it would make them if plaintiff took the car, but

he refused so to do. During the period of time defendant held the car the Long Company, lessor under the lease of the car to plaintiff, notified defendant that the plaintiff had failed to meet the requirements of the lease, and that under it the car belonged to them, and it subsequently took the car into its possession. The reply of plaintiff admitted that after the car was in New Haven and Bridgeport he refused to retake the car, and alleged that at this time the car was in need of extensive repairs and additions and that the same was in no respect in as good condition as the car was prior to the time of the theft. The rest of the special defense plaintiff either denied, or alleged that he left defendant to its proof, except that he alleged that the Long Company released plaintiff from any obligation to continue to make payments.

The condition of these pleadings is a practical admission by plaintiff that under this policy of insurance the defendant had the right to recover and return this car to plaintiff in as good condition as it was prior to its theft. The defendant did recover the car, and did offer to return it at these several places, but plaintiff refused to accept it upon the ground that it was not in as good condition as it was prior to the theft. The issues upon which the case was tried were whether the car was in as good condition as prior to the theft, whether defendant, on its offer to return the car, offered to pay plaintiff any sums necessary to put the car in the same condition it was in at the time it was stolen, and whether plaintiff had made adequate proof of proofs of loss and of damage.

The court charged that plaintiff under the pleadings must establish by a fair preponderance of the evidence: "First, the contract; second, the loss of the car; third, the failure of the defendant to return the car within a reasonable time; fourth, failure to return the car in

substantially the same condition; fifth, proof of loss in writing within sixty days; and sixth, damages." The appeal raises questions as to the third, fourth, fifth and sixth of these elements. The contract of insurance admittedly permitted the insurer to return the car and no time having been specified for such return so far as the court knew, it was the duty of the court to instruct the jury as to the apparently omitted element of time. Under such circumstances the law would imply that the agreement was for a return within a reasonable time. *Soper* v. *Tyler,* 73 Conn. 660, 661, 49 Atl. 18; *Wendle* v. *Palmer,* 77 Conn. 12, 58 Atl. 12. Otherwise the insurer might return the car years after the theft. We must assume that an insured would not knowingly make such a contract; nor can we assume that the insurer would present to an insured so unreasonable a contract of insurance. The agreement of the defendant was to pay the plaintiff the value of the loss of the automobile by theft up to the sum of $1,200. The defendant's special defense set up, in effect, that it offered to return the car to plaintiff in as good a condition as it was prior to the time of the theft. The defendant offered evidence to prove that the car was in substantially as good condition as when it was stolen, while the plaintiff offered evidence directly contrary.

The court was right in charging that "the defendant must have failed to return the car, or offered to have returned the car in substantially the same condition in which it was at the time it was stolen." The charge in this particular was the only charge that could have been given in view of the manner in which the case had been submitted to the jury by the parties. The court was manifestly correct in the charge that "proof of loss within sixty days is also a requirement for the plaintiff's recovery. We have nothing before us to

show that any particular form of proof of loss was required under this policy as I recall the evidence." Following this, the court fairly reviewed the evidence upon this point and properly submitted the issue to them.

Defendant complains of the charge upon the subject of the damages. The court charged that the measure of damages, if the jury found the plaintiff had fulfilled all of the requirements which the court had before instructed were essential to plaintiff's recovery, was the fair value of the interest of the plaintiff in the car at the time it was stolen; that it was not the full value of the car at that time, but such value less the interest of the Long Company in the car, which, on the evidence, was $300. This charge was unexceptionable in view of the fact that the contract of insurance was to pay the loss to the plaintiff up to $1,200, not to pay $1,200 in case the car was lost. The court was also right in instructing the jury that the fact that the Long Company had retaken the car had no bearing upon the case to be decided by the jury.

There is no error.

In this opinion HINMAN and AVERY, Js., concurred.

MALTBIE, J. (dissenting). One of the contentions of the defendant in this case, raised as an issue by the pleadings and supported by proof, was that it had made a tender of the stolen automobile to the plaintiff and, in connection therewith, had offered to make him good as to any loss of value due to injury to it. This issue the trial court entirely ignored in its charge stating the duty of the defendant to be to return the automobile in substantially as good a condition as it was when it was stolen. I do not now contend that the claim of the defendant was sound, but I refer to it to

emphasize the fundamental error in the trial of this case. What the rights of the parties were with reference to the return of the automobile could only be determined upon the basis of the terms of the policy of insurance. Yet counsel tried the case and the trial court submitted it to the jury without the policy being put in evidence. Ordinarily we do not, and should not, regard matters of possible error not made the basis of a claim in the trial court. But it is just as unreasonable to attempt to adjudicate the rights of parties in the absence of the instrument which alone can fix them, as the Supreme Court of the United States says that it is to attempt to determine a controversy in disregard of a controlling statute overlooked upon the trial. *Fourth National Bank* v. *Francklyn,* 120 U.S. 747, 751, 7 Sup. Ct. 757; see *Cunningham* v. *Cunningham,* 72 Conn. 157, 160, 44 Atl. 41. The proper course would have been to order a retrial, that the case might be so presented as to enable the rights of the parties to be determined with certainty.

In this opinion HAINES, J., concurred.