### JOHN B. GAUL *vs.* JOSEPH CIGLAR, SR.

Third Judicial District, Bridgeport, April Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 16th—decided June 1st, 1931.

*Raymond E. Hackett,* for the appellant (plaintiff).

*William H. Comley,* for the appellee (defendant).

PER CURIAM. On January 12th, 1929, the plaintiff purchased of the defendant certain shares of stock in a furniture and music store, under a written agreement. This contained, among other things, a representation that a certain statement attached to it correctly stated the condition of the company and was the basis of the purchase of the stock and it then provided that if the condition of the company was not as good as set forth, the plaintiff at his option might repudiate his agreement and recover back all he had paid and the agreement of purchase might be cancelled. At the trial it was proven that the condi-

tion of the company fell considerably short of being as good as represented in the statement. In his complaint the plaintiff sought damages and a rescission of the contract and return of the money he had paid. The trial court awarded him damages but denied his prayer for relief by way of a rescission of the contract. It is the denial of this prayer which is the basis of the appeal.

The ruling of the trial court complained of was upon the ground that the plaintiff had not repudiated the agreement within a reasonable time. The contract being silent as to the time in which the plaintiff should exercise his right, the law would imply that it must be done within a reasonable time. *Martoni* v. *Massachusetts Fire & Marine Ins. Co.*, 106 Conn. 519, 523, 138 Atl. 462. The plaintiff seeks a correction of the finding to show that, "shortly after" the agreement was made, he demanded a rescission; but the only support in the evidence for such a finding is an indefinite statement of the plaintiff, inconsistent with his subsequent conduct, and we cannot say the trial court was in error in failing to find as requested. The finding that there was no attempt by the plaintiff to rescind the contract until December 10th, 1929, must therefore stand. Without reviewing the intervening circumstances, it is sufficient to say that they amply support the conclusion of the trial court that the plaintiff did not exercise his right to repudiate his purchase within a reasonable time.

There is no error.