[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT # 113 and # 114
The undisputed facts are as follows. On March 10, 1997, the plaintiff filed a single count complaint seeking to recover under an automobile insurance policy with the defendant. The plaintiff alleged that on March 4, 1992, the plaintiffs motor vehicle was stolen when her son, Brian Janush, used the vehicle to deliver a computer to a store in Yonkers, New York. According to the plaintiff, the car was discovered on March 5, 1992 by the New York city sanitation department in a demolished and valueless condition. The plaintiff alleges that its insurance policy with the defendant entitles her to recovery for the theft of the vehicle.
On September 7, 1999, the defendant, Nationwide Mutual Insurance Company, filed a motion for summary judgment on the ground that it is entitled to judgment on the undisputed facts. The plaintiff, Ellen Janush, has filed an objection to the defendant's motion and a motion for partial summary judgment as to liability.
Summary judgment "shall be rendered forthwith if the CT Page 2406 pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts. . . ." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
The defendant first argues that it is entitled to summary judgment because it is undisputed that the plaintiff is not the legal owner of the car. The defendant submits copies of the bill of sale and the retail installment contract, both of which name the plaintiff's son, Jason Janush, as the purchaser of the vehicle. (Defendant's Exhibit C.) The plaintiff asserts that she is the legal owner of the car, and has submitted a copy of the title and registration of the vehicle, wherein the plaintiff is named as the owner. (Plaintiff's Exhibits One and Two.) An "owner" of property is "[t]he person in whom is vested the ownership, dominion, or title of property. . . ." Black's Law Dictionary (5th Ed. 1979). Accordingly, it is undisputed that the plaintiff is the legal owner of the motor vehicle.
The defendant next argues that the plaintiff's claim is barred by the doctrine of res judicata because the plaintiff brought and voluntarily withdrew an earlier action on this claim. "The doctrine of res judicata holds that an existing final judgment upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties . . . in all other actions. . . ." Wade's Dairy, Inc. v. Fairfield,181 Conn. 556, 559, 436 A.2d 24 (1980). "A single voluntary dismissal, nonsuit, or discontinuance of an action is generally regarded as a mere withdrawal of the plaintiff's claim, which does not have the effect of an adjudication on the merits and does not bar the plaintiff from maintaining another cause of action on the same cause of action." 46 Am. Jur.2d 889-90, Judgments § 620 (1994). Accordingly, the defendant's argument that the plaintiffs voluntary withdrawal of the prior action renders the present action res judicata is without merit.
The defendant also argues that misrepresentations made by the plaintiff to the defendant were in breach of contract and entitle the defendant to deny coverage of the theft. Specifically, the CT Page 2407 defendant argues that misrepresentations regarding the circumstances of the theft, and misrepresentations made on the plaintiffs application for insurance, were material and in breach of contract.
First, the defendant argues that the plaintiff improperly represented to the defendant that the vehicle was stolen on March 6, 1992 after her son, Jason Janush, parked the car at a mall in Stamford, Connecticut. The plaintiff now concedes that the vehicle was actually stolen on March 4, 1992 when the plaintiff's other son, Brian Janush, drove the car to a computer store in Yonkers, New York. According to the interview of Brian Janush that the defendant submitted, Brian had told the plaintiff that the vehicle was stolen from Stamford because the plaintiff did not like Brian to drive out of Stamford.[1] (Defendant's Exhibit A.)
"If the occurrence of a condition is required by the agreement of the parties, rather than as a matter of law, a rule of strict compliance traditionally applies." Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409, 412, 538 A.2d 219 (1988). "On the other hand, the rigor of this traditional principle of strict compliance has increasingly been tempered by the recognition that the occurrence of a condition may, in appropriate circumstances, be excused in order to avoid a `disproportionate forfeiture.'" Id., 413. The court in Aetna held that "absent a showing of material prejudice, an insured's failure to give timely notice does not discharge the insurer's continuing duty to provide insurance coverage." Id., 418.
Here, there is no showing that the defendant was materially prejudiced by the misrepresentations regarding the date and the location of the theft. Moreover, there is no showing that the plaintiff dealt in bad faith with the defendant. "In numerous cases, this court has held that, especially in the absence of conduct that is "willful," a contracting party may, despite his own departure from the specifications of the contract, enforce the obligations of the other party with whom he has dealt in good faith." Aetna Casualty and Surety Co. v. Murphy, supra,206 Conn. 409. Accordingly, the defendant is not entitled to summary judgment on the ground that the plaintiff misrepresented the circumstances of the theft.
Next, the defendant argues that the plaintiff is in breach of contract because the plaintiff falsely did not list Jason CT Page 2408 Janush as a member of her household on the application for insurance, and the contract provided that failure to list a member of the household would result in denial of coverage.[2]
The plaintiff argues that the defendant waived its right to sue in breach of contract for any alleged misrepresentation on the insurance application.
"Waiver . . . is the intentional relinquishment of a known right." Andover v. Hartford Accident Indemnity Co.,153 Conn. 439, 444, 217 A.2d 60 (1966). "In the law of insurance, a breach of condition or warranty, out of which avoidance of the policy may be claimed, does not operate automatically to forfeit or avoid the policy, but sets in operation a right of choice. The insurer may elect either to continue or to terminate. The condition or warranty, the breach of which gives such right of avoidance, is subject to waiver either by express agreement or acts of the insurer from which waiver may be implied." (Internal quotation marks omitted.) Id., 444-45.
Here, the defendant argues that when it learned of the misrepresentations on the insurance contract, it sent a letter dated May 1, 1992 to the plaintiff that "nullified" the policy. (Defendant's Memorandum in Support of Summary Judgment, pp. 5-6.) The plaintiff argues that this letter did not nullify the policy, but only declined payment for the claim. In support of her argument, the plaintiff submits a letter from the defendant in which the defendant states that the policy would not be renewed, and would be terminated on October 5, 1992. (Plaintiff's Exhibit 3.) Accordingly, there are disputed issues of material fact as to when the policy was terminated, and whether any continuation of the policy waived the defendant's right to contest the misrepresentation in a breach of contract claim.
The defendant next argues that it is entitled to rescission based upon several misrepresentations made on the plaintiffs insurance application. Specifically, the defendant argues that the plaintiff failed to list Jason Janush as a resident of the household, and did not disclose prior accidents and a bankruptcy as required on the insurance application.
"Rescission of a contract is an appropriate remedy if there has been a material misrepresentation of fact upon which a party relied and which caused it to enter the contract. Rescission, simply stated, is the unmaking of a contract. It is the renouncement of the contract and any property obtained pursuant CT Page 2409 to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract. A condition precedent to rescission is the offer to restore the other party to its former condition." Paul RevereLife Ins. Co. v. Pastena, 52 Conn. App. 318, 325
___ A.2d ___ (1999). "The company must elect to rescind within a reasonable time after discovering the fraud, and failure to do so constitutes a waiver of the right to rescind." 45 C.J.S. 297, Insurance § 533 (1993); see also Gaul v. Ciglar,113 Conn. 758, 759, 155 A. 58 (1931).
Here, it is undisputed that the defendant discovered the alleged misrepresentations on the insurance application no later than May 1, 1992, the date of the letter written by the defendant describing the alleged misrepresentations. The defendant argues that this letter "nullified" the insurance coverage. However, the defendant does not allege that at this time it used reasonable efforts to return the premiums paid by the insured. See 45 C.J.S. 297, Insurance § 534 (1993) (to effect a rescission, the company must make a reasonable effort to tender back the premiums paid by the insured). Furthermore, there is no evidence before the court to suggest that the defendant has ever attempted to return the premiums to the plaintiff. See Kavarco v. T.J.E.,Inc., 2 Conn. App. 294, 299 n. 5, 478 A.2d 257 (1984) (finding that it is better practice for the party seeking rescission to plead the offer to restore the premiums). Accordingly, the court concludes that the defendant has not exercised its right to rescission within a reasonable time.
The plaintiff argues that she is entitled to summary judgment because there is no dispute that the vehicle was stolen and was recovered in an unsalvageable condition, and because the defendant's defenses are not valid. However, as stated previously in this memorandum, there are disputed issues of material fact with regard to the defendant's waiver of its breach of contract claim. Accordingly, the plaintiff is not entitled to summary judgment.
For the foregoing reasons, the court denies the motions for summary judgment filed by the defendant and the plaintiff
Mintz, J.